No. 87.—S. G. BECKWITH and another, plaintiffs in error, *vs.* $\begin{vmatrix} \overline{14} & 691 \\ 122 & 497 \end{vmatrix}$ CARLETON & Co. defendants.

[1.] Where the writ is on two promissory notes, and the verdict is for the aggregate amount of the principal, with interest, it is sufficiently certain.

[2.] In order to charge the indorser of a note, payable at the agency of one of the chartered Banks of this State, a demand of the maker and notice to the indorser, are necessary.

[3.] The maker and indorser of a note, payable at one of the Banks of this State, cannot he sued together in the same action.

Complaint in Muscogee Superior Court. Tried at May Term, 1853, before Judge IVERSON.

Samuel G. Beckwith, as maker, and Edward T. Taylor, as indorser of two promissory notes, were sued under the form prescribed in the Act of 1847, in the same action. The notes were made payable at the Agency of the Mechanic's Bank at Columbus. The writ did not aver any demand, protest or notice. On the trial, the defendants demurred to the action for mis-joinder. The Court over-ruled the demurrer, and defendants excepted.

To the notes being placed in evidence, the indorser objected; which being overruled, he excepted.

To the proof of demand, protest and notice, defendants objected, which being over-ruled, they excepted.

The Jury returned the following verdict: "We, the Jury, find for the plaintiff the sum of eleven hundred and fourteen dollars and four cents, with interest and cost of suit, six dollars protest fee, and five dollars and fifty cents exchange".— To the reception of this verdict, the defendants objected for uncertainty. The Court over-ruled the objection and defendants excepted.

Upon these several exceptions, error has been assigned.

JOHNSON & PATTERSON, for plaintiff in error.

H. HOLT, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

A "*complaint*" was filed under the Short Forms Act, in Muscogee Superior Court, at the instance of Carleton & Co. on two promissory notes, against Samuel Beckwith, as maker, and Edward Taylor as indorser, amounting, together, to eleven hundred and fourteen dollars and four cents. The notes were to be paid at the agency of the Mechanic's Bank at Columbus. On the trial, when the declaration was read, it was demurred to, on the ground of the mis-joinder of improper defendants. The Court over-ruled the objection, and the defendants' counsel excepted.

When the notes were tendered in evidence, the defendants, severally, objected to their being read to the Jury. I am not able to comprehend, very clearly, on what ground the maker objected; but the objection, on the part of the *indorser*, was, that this being bankable paper, in contemplation of our Law, a demand on the maker and notice to the indorser, were necessary, in order to charge the indorser; and that there was no averment in the writ, which authorized this proof to be admitted.

The Court over-ruled the objection and allowed the notes to

be read, and proof also to be made, of the presentation of the notes to the maker—his refusal to pay, and notice thereof to the indorser; and to this ruling, defendants' counsel excepted.

When the Jury came into Court to deliver their verdict, defendants' counsel objected to its being received and recorded, on account of its uncertainty. It found eleven hundred and fourteen dollars and four cents for the plaintiff, with interest and cost. This objection was over-ruled; and thereupon, defendant's counsel excepted.

For the sake of convenience, I shall reverse the order in which the exceptions stand upon the record, and dispose of the last first.

[1.] Was the defect in the verdict fatal? We think not. It has received the sanction of all the Courts in the State, for more than fifty years, and we are not aware of any inconvenience it has occasioned. Instead of returning an aggregate amount of damages, including both principal and interest, our Statute requires that these items should be kept separate; and hence, no doubt, the origin of this form of verdict: That is certain which can be made so. And the Court could, without any difficulty, award a judgment upon this verdict. The Jury have found the exact sum of the two notes, with interest thereon; meaning, thereby, of course, from the time when they respectively became due. We must decline to over-turn this time-honored practice.

[2.] This being bank paper, although payable at an agency, we agree with counsel for the defendants, that demand and notice are necessary. We hold, however, in conformity with the construction put upon the Act of 1847, in *Cameron vs. Moore and Wife*, (10 *Ga. R.* 368); and *Hotchkiss vs. Newton*, (*Ib.* 560,) that this proof could be made, notwithstanding the omission of any allegation to that effect, in the *complaint*.

[3.] But could the *maker* and *indorser* of these bankable notes, be sued together in the same writ? It is conceded that this could not be done at Common Law. We are aware of no State Statute which would authorize it to be done. Upon ordinary promissory notes, the maker and indorser may be joined

in the same action, under the Act of 1826.    But this descrip-
tion of contract is expressly excepted from the operation of this
Act; and there is nothing in the Act of 1847, which affords
any warrant for such a proceeding.    Indeed, whenever demand
and notice are necessary to charge the indorser, it would be
rather anomalous to include him in the same declaration with
the maker of the note.    At any rate, we feel no disposition to
anticipate the Legislature, by the establishment of such a prac-
tice.

Consequently, upon this ground, the judgment below must
be reversed, and a non-suit ordered, provided there be no pow-
er given, under any of the English Statutes of *Jeofails*, or of our
own, which are much broader, to amend the complaint, by stri-
king out either one of the defendants, and allowing it to stand,
as to the other.