EBENEZER Z. RYAN *et al.*, Apellants, *v.* JOSEPH B. BARGER, who sues for the use of CHARLOTTE SMITH, Administratrix, &c., Appellee.

APPEAL FROM GALLATIN.

A separate demand cannot be set off againt a joint demand, nor a joint debt against a separate debt.

Demands are not the subject matter of set-off, unless they are mutual and between all the parties to the action.

A party cannot avail himself of a matter as a set-off, unless it is a subsisting cause of action in his favor.

THIS cause was heard before MARSHALL, Judge, at July term, 1854, of the Gallatin Circuit Court.

W. THOMAS, for Appellants.

J. OLNEY, for Appellee.

TREAT, C. J. This was an action of debt, brought in the name of Barger, to the use of Charlotte Smith, Administatix of William Smith, against Ryan and Thomas. The declaration was upon a bond, dated the 19th of November, 1851, executed by Ryan and Thomas to Barger, sheriff of Gallatin county,

reciting that Ryan had sued out a writ of replevin against William Smith, to recover certain personal property, and conditioned to make return of the same, if return thereof should be awarded. The declaration averred that the action of replevin was determined against Ryan, and then a return of the property was awarded.

The defendants pleaded *non est factum*, and *nul tiel record*, on which issues of fact were formed. Ryan filed a plea, alleging, in substance, that in October, 1847, the Bank of Illinois obtained a judgment against William Smith and Henry Eddy for $79.53; that in June, 1849, the same Bank obtained a judgment against William Smith for $70; that the judgments remained unsatisfied and in full force, and legally belonged to defendant Ryan, as surviving assignee of the Bank of Illinois, by virtue of an assignment made in conformity to the provisions of the statute; and that he would set off so much of the amount due on the judgments, as would equal the damages sustained by the breach of the condition of the bond. The court sustained a demurrer to this plea.

The defendants then filed a notice in substance as follows: that in October, 1847, the Bank of Illinois recovered a judgment against William Smith and Henry Eddy for $79.53, and that Eddy departed this life before the cause of action accrued in this case; that under the provisions of the statute and by force of a deed of assignment by the Bank, the right to the judgment was vested in the defendant Ryan; that Ryan, claiming to be the owner of the property described in the replevin bond, by virtue of a purchase at a sale on an execution issued upon the judgment, replevied the same out of the possession of Smith, and executed the bond, with defendant Thomas as security, conditioned for a return of the property; that the judgment remained in full force and unsatisfied, except by the sale of the property mentioned in the bond, and which sale was repudiated by Smith; and that defendants would upon the trial insist on the right of Ryan to a credit for the value of the property in controversy in the replevin suit. On the trial, the court refused to admit any evidence under this notice. The issues of fact were found in favor of the plaintiff, and judgment was entered accordingly.

The plea seeks to set off judgments against the plaintiff, and in favor of but one of the defendants. This is not allowable. A separate demand cannot be set off against a joint demand; nor can a joint debt be set off against a separate debt. Demands are not the subject matter of set-off, unless they are mutual, and between all the parties to the action. If authority is needed in support of this proposition, it may be found in the

repeated decisions of this court. In *Gregg* v. *James*, Breese, 107, it was decided that a defendant could not set off a debt due him by one of two plaintiffs. In *Hinckley* v. *West*, 4 Gilm. 136, a defendant was not allowed to set off a demand against the plaintiff and another person not a party to the record. In *Burgwin* v. *Babcock*, 11 Ill. 28, the defendants were not permitted to set off a debt due from the plaintiffs to one of them. These cases are conclusive against the right of the defendants to interpose the plea. The legal title to the judgments is in Ryan, in whose name alone can an action be maintained upon them. Thomas is not a party to the judgments, and therefore cannot sue upon them, or set them up by way of set-off. A party cannot avail himself of a matter as a set-off, unless it is a subsisting cause of action in his favor. The notice set up substantially the same defense as the plea, and the evidence offered under it was consequently properly excluded.

The judgment is affirmed.

*Judgment affirmed.*