No. 69.—GREENLEE BUTLER, plaintiff in error, *vs.* THE MA-
RINE & FIRE INSURANCE BANK, defendant in error.

[1.] Notes payable at a bank agency, are bankable paper, in contemplation
of the Act of 1826 ; and before a recovery can be had of the indorser, de-
mand and notice are necessary to be proven.

Assumpsit, &c. in Lee Superior Court.   Tried before Judge
WORRELL, December Adjourned Term, 1855.

The plaintiff in error was sued as indorser upon the follow-
ing note :

$1.100.
On the first day of January, 1852, I promise to pay Griffin
Smith or order, eleven hundred dollars, with interest from
date, at the agency of The Marine & Fire Insurance Bank
at Macon, for value received.   This 4th January, 1851.
                            JNO. S. SUDDETH
Indorsed by Smith to Butler ; and by Butler to J. Olm-
stead, Cashier.

On the appeal, plaintiff's Counsel moved to strike out the
plea of defendant, that he had never received notice of the
non-payment of the note at maturity, on the ground that the
note was not made payable, or intended to be negotiated, at
a chartered bank.   The Court struck out the plea, and this
decision is assigned as error.

R. F. LYON, for plaintiff in error.

HAWKINS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Beckwith and another vs. Carlton & Co.* (14 *Ga.
Rep.* 691) this Court held, that in order to charge the in-
dorser of a note, payable at the agency of one of the chartered

banks of this State, a demand and notice were necessary. This case comes fully within that decision. And instead of favoring the banks, the very contrary is true. It is for the protection of indorsers.

Settle the rule, that the Act of 1826, requiring demand and notice on bankable paper, does not apply to notes payable at an agency, and every chartered bank in the State that has not done so already, will forthwith establish an agency to get rid of this burden.

The fact that the defendant confessed judgment on the first trial, by no means dispenses with the proof of notice on the appeal. It is an indespensable part of the plaintiff's case. Without proof of demand and notice, he is not entitled to recover.