COX et al. vs. MECHANICS' SAVINGS BANK.
BURKE et al. vs. SAME.

1. The acceptor, drawer and endorsers of a bill of exchange, payable at a bank, are not subject to be sued in the same action.
2. Demand of the *drawer*, and notice of his failure to pay, given to the acceptor, are not necessary to charge the acceptor, even, although he may be an acceptor for the accommodation of the drawer.

Complaint, in Stewart superior court. Tried before Judge KIDDOO, April Term, 1859.

The facts in these two cases being the same, they were heard and determined together.

The first was a case brought by the Mechanics' Savings Bank, against Cox as acceptor, and John A. Tucker as drawer and endorser of a bill of exchange; the other was against Burke as acceptor, and Tucker & Beall as drawers and endorsers.

Plaintiff introduced the bill in evidence and closed. The following is a copy of the bill:

LUMPKIN, Aug 12th, 1857.

Ninety days after date pay to my order at the agency of the Mechanics' Savings Bank of Savannah, at Lumpkin, Geo., five hundred dollars.

To J. M. Cox.          (Signed,)     JOHN A. TUCKER.

Endorsed by Tucker and accepted by Cox, the drawee for accommodation.

Defendants moved for a non-suit, on the ground that the acceptor and endorser could not be joined in the same action, the bill being made payable at a bank agency. The court refused the motion and defendant excepted.

Defendants then requested the court to charge the jury, that before the plaintiff could recover against the accep-

34

tors, being accommodation acceptors, there must be proof of demand of the drawer and notice. The court refused so to charge, but charged the jury that it was not necessary in these cases for the plaintiff to prove demand and notice, and defendants excepted.

The jury found for the plaintiff, and defendants filed their bill of exceptions, assigning said rulings and charges and refusals to charge as error.

E. H. BEALL, and B. H. HARRISON, for plaintiffs in error.

WIMBERLY & REDDING, contra.

By the Court.—BENNING, J., delivering the opinion.

Did the court err in refusing a non-suit in these cases? We think so. The bills of exchange are not within the act of 1826, (Pr. Dig. 462.) The question whether the acceptor and the drawer and the endorser were subject to be joined in the same action, is, therefore, a question to be determined by the common law. And by the common law they were not subject to be sued in the same action—they not being joint promissors—and their joinder was good, even in arrest of judgment.—14 Ga. 691; 18 do. 517.

1. We think, then, that the court ought to have granted the motion, unless the plaintiff had chosen to amend the declarations, by striking from each all the defendants except one.

2. There is no rule of law which makes a demand of the *drawer*, and a notice of his failure to pay necessary to charge the *acceptor*, even, although the acceptor may be an acceptor for the accommodation of the drawer. The promise, even of an accommodation acceptor, is to pay in the first instance—is to pay on demand, at the maturity of the draft. We find, then, nothing amiss in the charge.

Judgment reversed conditionally, *i. e.*, unless the plaintiff will amend the declarations by striking from each of them all of its defendants except one.