294          CASES IN THE SUPREME COURT

Burke's ad. vs. Stillwell ex'r.                    [JANUARY

BURKE'S AD. VS. STILLWELL EX'R.

The defendant demurred to one count of the declaration, which was bad, but the court overruled the demurrer, and the defendant filed several pleas, to one of which the plaintiff demurred, and the court sustained the demurrer, though the plea was good ; and on the trial of the other issues, the court admitted evidence that was applicable only to the plea thus demurred out. *Held*, that the evidence was well received, the demurrer to the plea reaching back to the bad count in the declaration.

In a suit against the executor of his deceased partner, he may set off a debt due from the plaintiff to the partnership, under the principle decided in *Leach vs. Lambeth*, (14 *Ark*. 668.)

An attorney giving a memorandum to his client of a judgment obtained for him, stating that it had been settled by drafts in his hands, to be accounted for

on settlement, will be presumed to have collected the money before suit brought, and will be liable to an action for money had and received.

In an action against an attorney, by his client, for money collected by him, the collection of which was evidenced by a memorandum in writing given by the attorney, acknowledging the collection and promising to account, he produced an instrument of writing, executed, by the client, several years before such memorandum was given, authorizing S. to collect the debt and pay him one-half of the proceeds: it did not appear that S. accepted the instrument, or that he or the client acted under it; or that the attorney recognized the claim of S: *Held,* that it was not sufficient to overcome or resist the evidence of the plaintiff arising from the memorandum.

### *Error to Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

GARLAND & RANDOLPH, for plaintiff.

The items of the set-off due to Fowler and Stillwell jointly, were not properly allowed as a set-off in this action, against the executor of Fowler. *Bizzell vs. Stone,* 7 *Eng.* 378; 2 *Parsons on Con.,* 243, 244, *and cases cited in notes.* They are not due to Fowler's representative, but belong to the surviving partner, who alone can sue for them. *Story on Part. sec.* 346, *and cases cited.*

The instrument by which the defendant attempted to show that Smith had an interest in the money collected, was nothing more than a power of attorney. And the law is clear that it was revoked by the death of Burke and Smith, or either of them, *Story on Agency,* secs. 488, 490. For Smith's interest, if he had any, was merely an interest in that which was to be produced by the exercise of the power, and was not an interest in the subject on which the power was to be exercised. *Hunt vs. Rousmanier,* 8 *Wheat.* 174; 5 *Cond* 405.

STILLWELL & WOODRUFF, for appellee.

The demurrer to the 4th plea ought to have been overruled. It showed that Burke, at the time of the receipt of the drafts by Fowler, was indebted to him and his executor, and the law would apply the money coming into the possession of either to

296     CASES IN THE SUPREME COURT

Burke's ad. vs. Stillwell ex'r.     [JANUARY

the payment of that indebtedness. If the defendant has any legal or equitable lien on the money, or any right of cross action upon the same transactions, the plaintiff can only recover the balance, after deducting such claims. 2 *Greenl. Ev.*, sec. 117; 1 *Ch. Pl.* 341.

The only evidence introduced by the plaintiff was the memorandum, and that fell far short of proving " money had and re-. ceived." *Peay ad. vs. Ringo*, 22 *Ark.* 68. In this action it must be proved that defendant received money or cash—the receipt of money's worth is not sufficient. 1 *Bing. N. C.* 198 ; 5 *Burr.* 2, 589 ; 6 *B. & C.* 163. It was not proven that Fowler ever received a dollar in money or cash, that belonged to Burke ; and the verdict for the defendant is right, regardless of the set-off.

But admitting that the plaintiff's evidence was sufficient, it was proven that Burke had assigned the proceeds of the judgment recovered by Fowler to Smith—that only one half the amount was due to Burke, and that was covered by the claim of the defendant against him.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

The administratrix of Patrick G. Burke brought an action of assumpsit against Stillwell, the executor of Fowler, and the evidence in it for the plaintiff, was the following writing, executed by Fowler :

COLUMBIA, April 5th, 1857.

Memorandum for Patrick G. Burke, esq.

| Patrick G. Burke, plaintiff, versus Lycurgus L. Johnson and Nathan Ross. | Judgment in Chicot Circuit Court, March term, 1857. |
|---|---|

For $1,019 19 cts. in damages, amount settled by drafts in my hands, to be accounted for, etc., on settlement. Defendants to pay costs for which execution has been ordered, is not paid, etc.

A. FOWLER.

With non-assumpsit and payment, Stillwell interposed two pleas of set-off, one of indebtedness of Burke to Fowler, and

OF THE STATE OF ARKANSAS. **297**

Term, 1861.]                    Burke's ad. vs. Stillwell ex'r.

one of indebtedness of Burke to Fowler and Stillwell, partners in the practice of law, which Stillwell, the surviving partner, executor of Fowler, and defendant, offered to set-off against the demand of Burke. Issues were made up on all of the pleas, but the last plea of set-off, to which a demurrer was filed and sustained.

An account was filed showing the particulars of the set-off, the charges being for legal services of Fowler as an attorney for Burke, to the amount of five hundred and twenty dollars. Against the allowance of this demand, it is urged, that all but the first item of one hundred dollars, was for services of Fowler & Stillwell, and that the residue belonging to Stillwell, the surviving partner, could not be set-off in this suit founded on a demand of Burke against Fowler. The evidence is as thus contended for by the plaintiff. But the Circuit Court must have thought otherwise, else, having quashed the last plea of set-off, it would have disregarded the evidence as inapplicable to any pleading or issue in the case, on the plaintiff's motion to exclude it, or would have granted a new trial for its erroneous finding, if it had thought, when the motion for a new trial was made, that the evidence had been unwittingly received and considered. But the testimony is, that Fowler and Stillwell were in partnership in 1855, as the witness thought, and so continued until the death of Fowler, and that the services charged against Burke were rendered after 1855, saving that the suit for whose conduct the first item was charged, was begun in 1854. There was then no plea in the record under which this evidence could have been legally introduced, or been legally considered after the partnership of Fowler & Stillwell had been proved as we have stated. Yet the court, after sustaining a demurrer to the set-off, alleging Burke's indebtedness to Fowler & Stillwell, rested its finding for the defendant on evidence which sustained that plea, and did not have any other foundation. This must have been the ground of the motion for a new trial, so far as the finding was unsupported by the evidence concerning the set off. But we think this evidence was well received, for the

demurrer to the fourth plea, the last plea of set-off, should have been overruled as to the plea, because the plea was good, and should have extended back to the first count in the declaration and annulled it, as it was very faulty in setting forth no cause of action. And, though the court had overruled a demurrer to this count, and the defendant had pleaded to it, he had a right to have it considered and treated as bad, when the plaintiff demurred to his plea.

The proceeds of the services of Fowler & Stillwell, belonged equally to Stillwell, as executor of Fowler, and to Stillwell individually, that is in equity, though, at law, the death of Fowler cast the right of action for them upon Stillwell. If this suit had been brought before Fowler died, and against both Fowler and Stillwell, Stillwell could have set-off against the suit any several demand which he had against Burke. This is the principle of our statute of set-off, as expounded by RINGO, C. J., in a dissenting opinion in *Trammell vs. Howell*, 4 *Ark.* 610, and which was adopted as the correct construction in *Leach vs. Lambeth*, 14 *.Ark.* 668, overruling former decisions of this court, which held that a demand of one plaintiff against several defendants could not be set-off by a demand of one of the defendants against the plaintiff. What Stillwell could do in the supposed case, he did by his plea in this case, and he had a right so to do. If Burke's debt to Fowler & Stillwell, by the offer of Stillwell, the surviving partner, could go against Fowler's debt to Burke, his administration cannot complain, and the beneficent object of the statute to settle in one action several causes of action, is promoted. The finding of the court in allowing the evidence in support of the whole account of set-off, was right in itself, and was not a ground for a new trial, for although there was no plea of set-off on which the evidence could rest, there would have been but for the ill-advised demurrer of the plaintiff to the fourth plea. A party must not drive a court from a legal conclusion, though it was attained by a departure from the law, and by a return thereto in a deviation from ille-

OF THE STATE OF ARKANSAS. 299

TERM, 1861.]          Burke's ad. vs. Stillwell ex'r.

gal premises. The whole account of set-off was properly allowed, it was all well proved.

The Circuit Court found against the plaintiff, as to her whole demand, though it consisted of one item, and was substantiated by the memorandum of Fowler, before copied. This result must be attributed to the following writing introduced in evidence by the defendant, over the signature of Patrick G. Burke:

"STATE OF ARKANSAS, COUNTY OF CHICOT.

"Know all men by these presents, that I, Patrick G. Burke, have this day, nominated, constituted and appointed Henry Smith, of the county and State aforesaid, my true and lawful attorney, in fact, and in my name, for his sole use, to collect and receipt for a certain claim in my favor, against Lycurgus L. Johnson, Nathan Ross and William W. Collins, which is in suit in the Circuit Court of said county, or to compromise and settle the same in any manner he may think proper, and when the same is settled, to pay me one-half of the nett proceeds of said claim, and to employ any attorney or attorneys to prosecute the same to judgment, hereby ratifying and confirming all my said attorney's acts in the premises, as though I were personally present. Witness my hand and seal this 26th day of December, A. D., 1854.

P. G. BURKE. [SEAL.]"

On consideration of this instrument, the court regarded Henry Smith as entitled to the half of the plaintiff's demand that was not resisted by the set-off. Fowler did not recognize Smith's claim in making the memorandum, nor did Stillwell in framing the account of set-off, each paper assuming Burke to be the creditor, and the debtor on account of his judgment against Johnson and Ross. Nor unless from the presumption attending the production of the instrument, is there any evidence that Fowler or Stillwell had any notice of its execution. There is no proof that Smith ever accepted it, that he or Burke ever acted under it, and the presumption from Fowler's acts are strong to the contrary. As the matter was before the Circuit Court, we are sure

it was not sufficient evidence. We think it was no evidence, even with Reed's corroborating testimony, to overcome or to resist the evidence of the plaintiff to the residue of her demand, after deduction of the set-off and interest. Upon another trial, these defects may be obviated, but we cannot allow the judgment to stand on the foundation of this writing, as it is brought to our notice.

The principle here settled, as the difference between the plaintiff's demand and the set-off, will not be the subject of enquiry again. The fourth plea of Stillwell must be re-instated, and the first count of the declaration quashed on the plaintiff's demurrer as mentioned.

Fowler received the drafts referred to in his memorandum as money, he promised to account for them on settlement as money, he must be presumed to have converted them into money before this suit was brought. In this, the case is unlike *Peay vs. Ringo*, 22 *Ark.* 70, as in that, Ringo & Trapnall did not receive Notrebe's note as money. We think the action for money had and received is sustainable on the evidence of the memorandum.