THOMAS J. THRELKELD *et al.*, plaintiffs in error, *vs.* MILES G. DOBBINS, defendant in error.

(BY TWO JUDGES.)—1. A debt due by the plaintiff to one of several defendants in a suit cannot be pleaded by the defendants as a set-off, unless there be some special cause shown; and an agreement, by the plaintiff, that such debts shall go as a credit on his claim against both, is such special claim.

2. Where two parties settle a running account between them, and the debtor consents, after the balance is struck, that the amount found due shall be credited on a promissory note, held by him against the creditor and another, and the credit is made accordingly:

*Held,* That is no agreement that an additional sum, then in fact due on the account, but, by mistake, not credited on it at the settlement, shall also be put as a credit on the note.

3. The defendant's pleas in a cause must clearly and distinctly set forth his defense, and are to be construed most strongly against him.

4. When there has been a settlement between the parties of an account, and one of the parties desires to open the settlement, on the ground of mistake, the pleadings should set forth distinctly the items of the mistake, and distinctly allege that such items were omitted. 12th March, 1872.

Set-off. Pleading. Before Judge GREEN. Spalding Superior Court. August Term, 1871.

Dobbins sued T. J. Threlkeld and another upon their joint promissory note. Threlkeld pleaded that Dobbins owed him for the proceeds of certain cotton, which Dobbins had sold for him, and had not accounted for (giving dates, etc.) Further, he pleaded that Dobbins, being indebted to him for cotton, sold for him by Dobbins, they had a partial accounting and settlement thereof. As the result thereof, Dobbins admitted that he owed Threlkeld $3,000; and, by mutual consent, said amount was then credited upon the note sued upon. Before said credit was made, it was agreed that all errors, if any, in said settlement, should be corrected, and there were errors in said settlement, showing that Dobbins then owed him $1,081 more than said $3,000. It was agreed, at the close of said settlement, that the

Threlkeld *et al. vs.* Dobbins.

amount found due Threlkeld should be credited on said note. If this excess is allowed as a set-off, the note sued on will be paid in full. Upon demurrer, these pleas were stricken, and that is assigned as error.

SPEER & BECK; DOYAL & NUNNALLY, for plaintiffs in error. As to set-off and recoupment, cited 25 Ga. R., 714; R. Code, sections 2852, 2853; 12 Ga. R., 77; 7th, 414; 37th, 364; 8th Bacon's Abr., 651; 12 S. & R., 9–68; 8 How. R., 454; 3d Wait's Dig., N. Y. R., 1664; 4 Ga. R., 198; 6th, 509; 5th, 357, etc.

PEEPLES & STEWART, for defendant.

McCAY, Judge.

1. Independently of the settled rule, under the English statutes of set-off, our Code provides that set-off must be between the same parties, and in their own right : Code, section 2850. This section of the Code, however, recognizes some special exceptions. Two are mentioned, to-wit, the case of a surviving partner, and a debt due to the principal, in a suit against the principal and security, and it also contains a general proposition, that even debts not originally mutual, may, under certain circumstances, be set-off, as if they have in any way been brought equitably within the rule of mutuality. It would seem very clear that parties may, by agreement, make any debt a set-off. If the agreement be for a consideration, it is binding on the same terms as any other agreement; and if it be executed, it needs no consideration.

2. To apply these principles to this case: If, after this settlement was made and the balance struck, Dobbins agreed that the amount so found should be credited on this note, and it was so done, the transaction was so far executed. Dobbins might very well agree to this, as he was satisfied with the amount, knew what it was, and could act understandingly. If this was the transaction, and there was then made an

agreement that the settlement of the amount was not to be conclusive, and that there was to be a reinvestigation, we see no reason for holding Dobbins' agreement to put the amount that they agreed upon on the note to cover also an agreement to put any subsequent amount also on the note. He might be very willing to agree to the one thing, and very unwilling to agree to the other. They are very far from being the same thing. But if it was agreed, *on going into the settlement,* that whatever amount was found due, on striking a balance, should go on the note, then, if the balance found was, at the *time,* not considered final, the agreement to have a re-examination would carry over also the agreement to credit the note with the final balance. We do not think the defendant's pleas state the facts as this latter proposition supposes the agreement to be. Indeed, the pleas are very defective, so much so that we suspect there must be some omission in the record, though there was no complaint of this in the argument. It is impossible to say from these pleas that this agreement was to the effect that, whatever amount should be found due should go on the note. The fair, and most natural reading is, that the agreement to put the amount on the note was subsequent to the finding the balance.

3. It is the duty of a defendant to state his case, and the Court will not strain a point to make it out for him. We take it for granted he has gone as far in his statement as his conscience will let him, and so treating his plea, we think the Court was right in striking it. It did not, as it stood, make the case of an agreement to treat this unsettled balance as a set-off against this note.

4. We think this plea objectionable on other grounds. After a formal settlement between parties, it ought not to be opened and re-examined on a mere general claim that it was wrong. Specifications ought to be made. If there were mistakes they ought to be pointed out. These pleas did none of this.

Judgment affirmed.