9553.  ANDERSON *et al.* *v.* FIRST NATIONAL BANK OF MILLEN.

BLOODWORTH, J.  The court did not err either in striking the pleas filed in this case or in directing a verdict for the plaintiff.

*Judgment affirmed.* *Broyles, P. J., and Harwell, J., concur.*

DECIDED NOVEMBER 1, 1918.

Complaint; from city court of Millen—Judge Dekle. January 21, 1918.

The First National Bank of Millen sued A. S. Anderson, C. M. Gay, and R. D. Kent on a promissory note of the defendants for $500 principal, dated September 10, 1915. The defendants filed an answer in which they denied indebtedness and pleaded as follows: "Defendants say that said note is one of A. S. Anderson's and which C. M. Gay and R. D. Kent are only indorsers, and that said First National Bank is due said A. S. Anderson more than he is due them, and therefore there is nothing due thereon." By amendment it was averred: "that during the year 1915 said A. S. Anderson was elected and acted as vice-president of said First National Bank of Millen, and was to be paid for his services as such and as attorney and other clerical work done during 1915, and the amount to be decided upon and was to be a reasonable salary; and in addition thereto was to be loaned certain sums not over $2500 in all; that said A. S. Anderson served as such vice-president and attorney and was never paid anything at all for such, and said bank refused not only to make the loans as agreed upon, but also to renew the loans already made. Defendants say that six hundred is not an excessive amount to ask for said services, and that his services were worth that sum, and said bank is justly indebted to said A. S. Anderson in said amount, and said sum or any part has never been paid, and defendants ask to be allowed to set

off this sum against the amount herein sued for, with judgment for balance of said amount. Said bank having regularly authorized, approved, and accepted such services." An additional amendment was as follows: "Defendants allege and say that from January 12, 1915, to January 12, 1916, said A. S. Anderson, in addition to his services as vice-president of said First National Bank of Millen, also acted as the attorney for said bank for said time, and in such capacity was, during the months of January, February, March, April, and May especially, and also the remainder of said term, in constant attendance at said bank, advising with them or their attorney and looking after its interest generally; that such services were well worth the sum of $600 for said months of January, February, March, April, and May, 1915, not considering his other services or any other time; that said services were rendered at request of the officers and directors of said First National Bank, with the understanding that they would be paid for, and under such conditions as to put said bank and its officers and agents that said A. S. Anderson would be paid; that said bank, its officers and agents, accepted, approved, and profited by his said services for said time said sums and more, and that said First National Bank can not escape payment therefor."

The plaintiff filed a motion to strike the plea and answer, for the following reasons: (1) No legal defense is set up. (2) The defendants do not fully, plainly, and distinctly set forth the cause of action that they seek to set off, and do not attach to their answer an itemized statement of the indebtedness they hold against the plaintiff. (3) Defendants do not show how plaintiff is indebted to A. S. Anderson; they do not show whether the alleged indebtedness to A. S. Anderson is due under a written or a parol contract; they do not show how the plaintiff has become indebted to A. S. Anderson for salary as vice-president, or that the plaintiff has ever agreed to pay him any salary as vice-president; they do not show when he became vice-president, or when the plaintiff contracted to pay him for services as vice-president. It is not shown how the plaintiff became indebted to him for services as attorney; it is not shown whether there was a specified amount due him for services generally as attorney, or whether the same originated by special employment for specific services, or of what the services consisted. (5) It is not shown that any legal contract was ever

made to pay said Anderson a salary as vice-president, or to pay him for services as an attorney.

*A. S. Anderson,* for plaintiffs in error, cited: Park's Code, § 3222; *Towers Excelsior Co.* v. *Inman,* 96 *Ga.* 506; *Robinson* v. *Bealle,* 20 *Ga.* 276 (8).

*William Woodrum,* contra, cited: *Home Mixture Guano Co.* v. *Tillman,* 125 *Ga.* 172, 178; Ellis *v.* Ward, 137 Ill. 509; Park's Code, § 5668; *Threlkeld* v. *Dobbins,* 45 *Ga.* 144; *Beck Duplicator Co.* v. *Fulghum,* 118 *Ga.* 836 (3); Pacific Bank *v.* Stone, 121 Cal. 202 (53 Pac. 634).