In re Merle A. PALMIERI, Debtor.

Leonard STRAUGHAIR and Sandra Straughair, Plaintiffs,

v.

Merle A. PALMIERI, Defendant.

Bankruptcy No. 82–05082A.
Adv. No. 83–0712A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 5, 1983.

Emily Sherwinter, Roswell, Ga., for plaintiffs.

Emory L. Clark, Clark & Smith, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This matter is before the Court on the plaintiffs' complaint for setoff. The obligations in question are a note and deed to secure debt from the plaintiffs to the defendant and a judgment against the defendant in favor of the plaintiffs. On January 26, 1981, the parties closed the sale of a home built by the defendant and purchased by the plaintiffs. The defendant and his wife obtained a deed to secure debt for $51,500.00 to secure the purchase price of the home. Thereafter, the plaintiffs sued the defendant on the building contract for the correction of latent defects in the building of the home. On August 23, 1982, the parties entered a contract of settlement for $11,693.00. On October 25, 1982, the State Court of Fulton County also granted the plaintiff herein court costs and attorney's fees of $7,086.61. The defendant filed his petition under Chapter 13 of the Bankruptcy Code on October 27, 1982, and relief was ordered.

The plaintiffs assert a right to set off their $18,779.61 judgment against their $51,500.00 debt to the defendant. This alleged right to setoff was stayed by virtue of the defendant's filing his bankruptcy petition on October 27, 1982. Under § 553(a) of the Bankruptcy Code, a creditor may offset a mutual debt owing by the creditor to the debtor that arose prior to the commencement of a case against the claim of a creditor against the debtor that arose before the commencement of a case. The question before this Court is the meaning and application of "mutual" under § 553 of the Bankruptcy Code. Since § 553 is silent as to the definition of "mutuality," the definition must be determined under the substantive law of the State of Georgia. *Collier Bankruptcy Manual* § 553.03, p. 553–2, citing *Framingham Winery, Inc. v. J.A.G., Inc. (In re J.A.G., Inc.)*, 7 B.R. 624, 3 C.B. C.2d 345, 350 (Bkrtcy.D.Mass.1980); 4 *Collier on Bankruptcy* ¶ 553.06 (15th ed.) p. 553–38.

Under Georgia law, setoff does not operate as the denial of a claim, but rather allows one party to set off a debt owed by him to a second party against a claim of the second party. Official Code of Georgia § 13–7–1. This setoff must be between the same parties and in their own right (Official Code of Georgia § 13–7–4) and any of such mutual demands existing at the time of the commencement of the suit may be setoff. (Official Code of Georgia § 13–7–5) Thus, in the instant case, in order for the plaintiffs to set off against the defendant, the claims must be between the same parties and in each of those party's own right.

The defendant asserts that the note is owed jointly to himself and his wife, while the judgment and this bankruptcy proceeding are in his name only. Because of this, the defendant claims that these debts are not mutual and therefore cannot be set off. The defendant's claim, however, does not withstand this Court's scrutiny.

Georgia law holds that unless a document or instrument specifically provides otherwise, a tenancy in common is created wherever two or more persons are entitled to the simultaneous possession of any property. Official Code of Georgia § 44–6–120. Both the note evidencing the debt and the deed to secure debt in favor of the defendant are phrased "Merle A. Palmieri and Janet E. Palmieri." In Georgia, "and/or" in a deed passes a tenancy in common. 1965–66 Op. Atty. Gen. No. 66–148. Thus the defendant and his wife hold this note and deed to secure debt as tenants in common, each holding a 50% undivided interest in the whole.

A tenancy in common is technically several and not joint. *Hasty v. Wilson*, 223

Ga. 739, 158 S.E.2d 915 (1967). Therefore, in the event of a foreclosure on the deed to secure debt the defendant and his wife would become tenants in common of the house and property. Thus, the defendant holds the note and deed to secure debt as a tenant in common with his wife. As tenants in common, the interest of the defendant and his wife are several and not joint. The interest of the defendant may be separated from that of his wife, and he holds that interest in his own name and in his own right.

The Georgia Supreme Court has defined the meaning of the terms "mutual demands" and "same parties." In *Wilson v. Exchange Bank,* 122 Ga. 495, 50 S.E. 357 (1905), the Court said:

" . . . where two or more defendants are joined in an action to which they are severally liable, and in which a separate judgment may be taken against them, a cross demand in favor of any one of the defendants against the plaintiff would come within a fair construction of the requirement of mutuality; . . ." *Id.* at 498, 50 S.E. 357.

The Court stated further that in such a case the words "same parties" does not mean "all the parties." *Id.* at 498, 50 S.E. 357. Although the right to setoff is usually raised by the defendant, the plaintiff may also base his complaint upon such a right. Here, the plaintiff asserts his right to set off his debt against the debt of the debtor, much as a defendant would assert such a right where a plaintiff sought a money judgment against him.

In the instant case, the plaintiffs owe the defendant and his wife $51,500.00, while the defendant owes to the plaintiffs $18,779.61. Each of these debts arose out of the construction and purchase of the home by the plaintiffs from the defendant. Clearly, under the substantive law of Georgia, the debts are between the same parties, and in each of those party's own right, and are thus mutual.

Therefore, for the above-stated reasons, the plaintiffs' may set off the $18,779.61 judgment in favor of the plaintiffs against the defendant's share of the $51,500.00 note and deed to secure debt.

IT IS SO ORDERED.