CARSON & MOORE v. BARNES.

1. In a suit brought by T. against M. & B. a note executed by T. and another, and payable to M. alone, would be a good off-set.

Error to the County Court of Mobile County.

THIS was an action brought by the defendant in error as the indorsee of a promissory note made by the plaintiffs in error to one Cornelius D. Tobin. The defendants below pleaded non assumpsit, payment and set-off. An agreement between the parties appears of record, which recites that the cause shall be tried in every respect, as though Cornelius D. Tobin was plaintiff. The plaintiff below had judgment.

On the trial in the Court below a bill of exceptions was taken, from which it appears that the defendants below offered in evidence a note made by Cornelius D. Tobin and one Nathan Jenkins, on the 1st January, 1837, for the payment of one hundred and three dollars, to Leonard J. Moore guardian to James W. Tobin, on the 1st January, 1838.

Also a note made by the same parties at the same time, and due at the same time, for eighty-five dollars, payable to L. J. Moore. The bill of exceptions further recites, that there was no proof of the notes here described, being in the possession of the defendants or either of them, except the notes themselves, and the evidence of one Gill, who proved that Tobin told him that he sued in the name of Barnes, to avoid payment of a note which Moore had against him; but the Court refused to permit the notes to go to the jury as evidence, and excluded the same. To this decision of the Court, the defendants below excepted. and now bring

their writ of error to this Court and assign for error the decision of the Court as set forth in the bill of exceptions.

JONES, for plaintiff in error.
PORTER, contra.

ORMOND, J. —No reason is assigned by the Court for this decision, and none has occurred to us, which justifies it. The notes offered as off-sets, if proved to be genuine and the property of Moore, the payee, should have been received as off-sets. Though executed by Tobin and another, the statute makes the liability several as well as joint, and as Tobin could have been sued on them alone so they would be a good off-set in a suit brought by him, which, by the agreement of the parties is the aspect of this case.

Neither is it an objection that the notes offered to be set off, were payable to Moore, one of the defendants in the suit alone. The defendants were liable jointly and severally to satisfy the plaintiff's demand, and a debt due from him to either, would be a good off-set against it. [Pitcher & Remsen v. Patrick's admintrators, Minor's Rep. 321.]

Some testimony was offered, the object of which, seems to have been to establish Moore's ownership of the notes offered to be set-off. As the notes were payable to Moore, the legal inference would be, that the property in the notes remained in him until the contrary was shown. The evidence, therefore, might have been redundant, but it was not illegal or irrelevant, and should have been permitted to go to the jury.

Let the judgment be reversed and the cause remanded.