## MITCHELL v. BURT.

1. When one, joint maker of a promissory note is the administrator of his co-maker, he is entitled, when sued, to set off against the payee any debt which the latter owes to the deceased co-maker.

Error to the Circuit Court of Autauga.

ACTION of assumpsit, by Burt, suing for the use of Raymond Robinson, against Mitchell, as the co-maker of a note with one John E. Mitchell. At the trial, the plea of set off being pleaded, with other pleas, the defendant proved, that an attachment, at the suit of T. & R. Morton, was issued against the estate of Burt, and John E. Mitchell, the co-maker of the note summoned as a garnishee. At the October term, 1842, the garnishee answered that he was indebted to Burt by two promissory notes, each for $2,000, one due 1st January, 1843, and the other due 1st January, 1844, both signed by himself and the defendant in this suit. The answer was received, and the cause continued to the spring term, 1843, with an order to the garnishee to retain out of the note first due, a sum sufficient to answer the plaintiffs in attachment. At the spring term, 1843, a judgment was entered against the garnishee on his answer. This judgment was afterwards, on the 15th April, 1844, paid by the defendant in this suit, as the administrator of John. E. Mitchell, who died after the rendition of judgment against him as garnishee. John E. Mitchell, in his life time, paid to Burt the note which fell due on the 1st January, 1843. The present action was commenced in November, 1845, and it was also admitted by the plaintiff, that any legal set off against Burt should be valid against the party for whose use the suit was brought.

Under this state of proof the court ruled, and so instructed the jury, that the money paid upon the judgment, was not a legal set off, under the circumstances disclosed.

The defendant excepted, and now assigns this charge as error.

J. W. PRYOR, for the plaintiff in error, cited Johns v. Field, 5 Ala. R. 484; Chandler v. Chandler, Ib. 567; Winston v. Metcalf, 6 Ib. 756.

J. P. SAFFOLD, contra, insisted, the payment made by J. E. Mitchell, of the first note to Burt, was in his own wrong, but gives no right to the present defendant to set off the judgment paid by him as administrator, against this note. As the administrator of J. E. Mitchell, he may be entitled to his action against Burt, but cannot retain in that character against this suit.

GOLDTHWAITE, J.—We do not perceive how the order made, upon the answer of the garnishee, for him to retain the sum garnisheed, out of the first note, instead of the other, can affect this suit, as there is no question with us, that when the deceased, Mitchell, paid the note first falling due, and his administrator paid the judgment recovered upon the garnishment, Burt at once became a debtor to the estate, for so much money paid to his use. This being the legal effect of the payment, it is only necessary to inquire, whether the other maker, when afterwards sued on the other joint note, may insist upon the payment as a set off. The case, as thus presented, is very similar to that of Winston v. Metcalf, 6 Ala. R. 756, where we held, that a surety was entitled, when sued alone, to set off a debt due to his principal, upon showing his assent, and producing the note offered to be set off. We then said, with reference to the statute authorizing the assignment of promissory notes, "when the plaintiff acquired his interest in the note sued on,"—the suit was by an assignee—"it was affected with the legal right of the principal debtor, to set off the note then held by him against the payee, and it seems to us, this right can be in no wise impaired by any act of the plaintiff. True he is entitled to sue either party severally, but when he does so, it does not follow that he avoids any defence which could be interposed if the suit was against the principal debtor." This

reasoning applies equally, when the suit is against one of two joint makers, and the set off is with the concurrence of the one not sued. Here the concurrence will be presumed, because the defendant is the administrator of the deceased co-maker, and the set off not being an assignable debt, there is no necessity for its production.

The result of this consideration is, that the set off should have been allowed, and therefore the error of the charge is apparent.

Judgment reversed and remanded,