## JONES & CO. v. JONES.

1. Upon a suit by one, on a note due to him from a partnership; a debt from him, to one member of the firm, may be set off against the demand due from the firm. *Quere*, where one of several defendants, sets off a demand due to him alone, can he have judgment for any balance in his favor?

Writ of Error to the County Court of Russell.

THIS was an action of assumpsit on a promissory note, by which the plaintiffs, on the first of January, 1845, acknowledged to be due to the defendant in error the sum of $158 75. The cause was submitted to the jury upon the pleas of *non assumpsit, payment and set-off*, a verdict was returned for the plaintiff below, and judgment was rendered thereon. The members of the partnership were J. H. Jones, J. H. Williams and W. Ambrose. From a bill of exceptions, sealed at the instance of the defendants, it appears that the defendant Jones, proved that the plaintiff was indebted to him individually in the sum of $160. The defendants prayed the court to charge the jury, that this debt was a proper subject of set-off in this suit. This charge was refused, and the jury were instructed, that the debt due one of the defendants by the plaintiff was not mutual, that is, the other defendants had no interest in it; and consequently was not an available defence.

N. COOK and T. H. WATTS, for the plaintiff in error, cited Clay's Dig. 323, § 63; 338, § 161; Minor's Rep. 321; 1 Ala. Rep. 93; 7 Ala. Rep. 837; 9 Id. 226. The case of Von Pheel & McGill v. Connally, et al. 9 Porter's Rep. 452, will appear, from the slightest examination, to be unlike the present.

J. E. BELSER, for the defendant in error, cited 5 Ala. Rep. 110.

COLLIER, C. J.—In Carson & Moore v. Barnes, 1 Ala. Rep. N. S. 93, it was said to be no objection that a note offered to be set off was payable to *one* of several defendants in the action. "The defendants are liable jointly and severally to satisfy the plaintiff's demand, and a debt due from him to either, would be a good set-off against it." To the same effect is Pitcher & Remsen v. Patrick's Adm'r, Minor's R. 321. See also Clark v. McElroy, 1 Stew. R. 147; Gee, Adm'r, v. Nicholson, 2 Stew. Rep. 512. And such was held to be the law in Winston v. Metcalfe, 6 Ala. Rep. 756. In that case W. & P. were the joint makers of a promissory note payable to J. W, who assigned it to M, the plaintiff; previous to notice of the assignment, P, one of the makers, acquired by indorsement a note made by J. W. payable to J. P. The suit was by M. against W. alone. It was held that W. was entitled to the benefit of the set-off of which his co-maker, P, was the proprietor, against J. W.—on producing it at the trial with the consent of P. thus to use it. See also Mitchell v. Burt, 9 Ala. Rep. 226.

Taylor v. Bass, 5 Ala. Rep. 110, is unlike the present case, and belongs to a different class. . There the action was brought against one of several partners upon his individual liability, and the defendant attempted to set off a debt due the partnership. The court said this was not allowable; if it were, "the partnership assets would be diverted and appropriated to the payment of one partner's individual debts, and thereby the creditors of the joint concern, as well as the other partner, would be involved with the payment of debts with which they had no concern, and for which the other partner is in no manner liable."

Whether, where one of several defendants sets off a demand due to him alone, he can have judgment against the plaintiff for any balance in his favor, is no test of the admissibility of the set-off, and is a question which need not now be considered. [1 Stew. & P. Rep. 19.] The error in the ruling of the county court is apparent from what has been said—its judgment is consequently reversed, and the cause remanded.