# Huddleston *et al. v.* Askey.

*Action on Account Stated, and for Goods Sold and Delivered.*

1. *Re-enactment of statute judicially construed.*—The substantial re-enactment, in the Code, of a former statute which had been judicially construed by this court, is a legislative adoption of that judicial construction.

2. *What debts may be set off.*—Under the present statute of set-off (Rev. Code, § 2642), as under the former (Clay's Digest, 338, § 141), a debt due from the plaintiff to one of several defendants, sued jointly on an account, may be pleaded as a set-off.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. L. B. STRANGE.

This action was brought by Henry J. Askey, against John W. Huddleston and Charles Boyd, and was commenced on the 26th August, 1868. The complaint contained a count on an account stated, and another for the price of goods sold and delivered. The defendants pleaded, "in short by consent," the general issue and set-off; and issue was joined on these pleas. On the trial, as the bill of exceptions states, the defendants offered in evidence, under the plea of set-off, two promissory notes, executed by the plaintiff, and payable to W. B. Marshall and J. T. Burt respectively, from whom they were bought by said John W. Huddleston before the commencement of this suit, and were his individual property.

[Huddleston et al. v. Askey.]

The court held that these notes were not available as a set-off, and excluded them from the jury; to which ruling the defendants excepted, and they here assign it as error.

R. F. LIGON, for appellant, cited *Carson & Moore v. Barnes,* 1 Ala. 93; *Clark v. McElroy,* 1 Stew. 147; *Winston v. Metcalf,* 6 Ala. 756; *Jones v. Jones,* 12 Ala. 245; *Mitchell v. Burt,* 9 Ala. 926.

W. C. McIVER, *contra.*—The present statute of set-off is materially different from the former, which was construed in the several cases cited for appellant. Sections 2642–3 (Rev. Code), relating to the same subject, must be construed together, as one statute; and thus construed, the notes offered did not meet the requirements of either part of the statute. To be available as a set-off, the debts must be "mutual," and "subsisting between the parties at the time of suit brought;" and judgment must be rendered against the plaintiff, in favor of the defendant, for the excess of the set-off above the plaintiff's claim. To be mutual, the demands must be between *all* the parties to the action.—Waterman on Set-off, 26; 1 McCord, 7; 3 Wendell, 400; 8 Conn. 325; *Smith v. Taylor,* 9 Ala. 633; *Evans v. Sims,* 37 Ala. 710. Nor can the claim of set-off be aided by the statute (Rev. Code, § 2539), which makes judgments, bonds, covenants, and contracts in writing, joint and several; for the action is on an account, and accounts are not included in the statute. Besides, the latter provision of the statute is mandatory, and declares that "judgment must be rendered against the plaintiff for costs, and in favor of the defendant for the excess." How can judgment for the excess be rendered in such a case as this?

BRICKELL, C. J.—The present statute of set-off materially varies from the former (as found in Clay's Dig. 338, § 141), in the enlargement of the demands, the subject of set-off, more than in any other respect. The legal title, prior to the Code, was as necessary to support a plea of set-off, as it was to support an action at law. Now, the party interested, having the exclusive equitable right to a contract for the payment of money, may sue thereon, or may plead it as a set-off; and unliquidated demands, not sounding in damages only, which, when the facts are shown, the law measures accurately by a pecuniary standard, are the subject of a set-off. *Holley v. Younge,* 27 Ala. 603; R. C. § 2642. With these exceptions, the present statute is not variant from the former. In the adoption of the present statute, the legislature is presumed to have known the construction the former statute had

received, and, so far as it was substantially re-enacted, to have adopted that construction.—*Duramus v. Harrison*, 26 Ala. 326.

In *Pitcher & Remsen v. Patrick's Adm'r*, Minor, 321, it was held, that defendants, jointly sued, were entitled to set off a debt due from the plaintiff to one of them separately. The decision was followed, and re-affirmed, in *Carson & Moore v. Barnes*, 1 Ala. 93; *Winston v. Metcalf*, 6 Ala. 756; *Mitchell v. Burt*, 9 Ala. 226; *Sledge v. Swift, Murphy & Co.*, at June term, 1875; *Jones v. Jones*, 12 Ala. 244. We are not aware that its correctness has ever been questioned. In several of these cases, the test of the sufficiency of a set-off, now so earnestly insisted on by counsel for appellee, was considered. That test is, the right of a defendant to a judgment for the excess of the set-off, over the plaintiff's demand. In *Pitcher & Remsen v. Patrick's Adm'r, supra,* it was said: "But it has been urged, that our statutes as to set-off require the jury, if they find that the plaintiff's debt is by the set-off overpaid, to certify how much the plaintiff is indebted, over and above the sum by him demanded, which sum, so certified, shall become a debt of record, etc.; and as the excess, if found, could not be here certified, as a debt due to both defendants, testimony should not go to the jury, upon which they could not find and certify as required by the statute. The defendant, in an action by the assignee of a note, etc., is to have the benefit of all discounts and set-off, possessed or had previous to notice of the assignment. In such action, a debt due from the original payee of the note could unquestionably be pleaded and proved; yet an excess in favor of defendant could not, by the finding of the jury, be made a debt of record, either against the plaintiff, or against the payee, who was not a party to the action. The provision as to certifying the excess due to defendant was for his benefit; it does not exclude him from the benefit of the set-off, though he may not be able to have the balance certified." In *Jones v. Jones, supra,* it was said : " Whether, where one of several defendants sets off a demand due to him alone, he can have judgment against the plaintiff for any balance in his favor, is no test of the admissibility of the set-off."

A judgment for an excess of a set-off is not involved in the inquiry, whether the demand proposed is the proper subject of set-off. Statutes of set-off do not necessarily embrace provisions authorizing a recovery of the excess of the set-off. When such provisions are introduced, the purpose is not to define the character of the demand which may be set off, or to narrow the rights of the defendant. They are introduced in furtherance of the object of allowing a set-off at law,—the

prevention of a multiplicity of suits, and the final adjudication of the right in one, instead of two suits. It would be a strange construction of a provision, made for this purpose, that would operate so as to deprive a defendant entirely of the right of set-off, and compel two suits, or, it may be, a suit at law, and another in equity.

The appellant Huddleston had a valid, subsisting demand against the plaintiff, the appellee, on which he could have maintained an action at law when this suit was commenced. If he had been sued separately, instead of jointly with his co-apellant, Boyd, as he could have been under our statute, the demand due him from the plaintiff would have been, without doubt, a set-off. The plaintiff, by his election to sue them jointly, cannot deprive the defendant of the right.

The error of the Circuit Court is apparent from what has been said; and its judgment is reversed, and the cause remanded.