# Locke, Adm'r *v.* Locke *et al.*

*Action on Promissory Note.*

| 57 | 473 |
|----|-----|
| 100 | 506 |
| 57 | 473 |
| 104 | 545 |

1. *Set-off; what proper subject of; when judgment not allowed for excess.*
A debt due to one of several defendants by a sole plaintiff, is a proper sub-
ject of set-off, and where it exceeds the demand in suit it is a good defense
to the action, but does not authorize judgment over in favor of such defendant
against the plaintiff, for the excess.

2. *Same; what question not raised below, cannot be raised on appeal.*
The question whether a debt due from an administrator to the defendant, or
a debt due from the plaintiff's intestate to the defendant, constitutes a proper
subject of set-off against the administrator in a suit in his representative
capacity, not having been raised in any manner in the court below, cannot
be considered on appeal.

3. *Same; when appellate court cannot relieve.*—Even where the issue
joined is immaterial, if there was a trial, verdict, and judgment rendered on
it, without exception or objection properly raised, this court cannot grant
relief on appeal.

APPEAL from City Court of Eufaula.
Tried before the Hon. E. M. KEILS.
This action was brought by the plaintiff, Jesse Locke, as
administrator of the estate of M. B. Locke, deceased, on two
promissory notes for thirty-five hundred dollars each, dated
respectively May 24, 1871, the first payable to plaintiff as
administrator, on the first day of December next after the
date thereof, and the other payable by the first day of Janu-
ary next thereafter. The defendants pleaded the general
issue, and a set-off by a debt due from the plaintiff to one of
the defendants, which was $1,400 in excess of the demand
sued for. The court gave judgment for the defendants
against the plaintiff, and imposed costs on plaintiff. The
judgment of the court below is now assigned as error.

ARRINGTON & TOMPKINS, and WATTS & WATTS, for appel-
lant.—1. Set-off is a cross-action allowed by statute.—*Bra-
zier v. Fortune*, 10 Ala. 216, 519; § 2642 Rev. Code. It
did not exist at common law, and is the creature of the
statute.—See Waterman on Set-off, p. 10, § 7; 18 Ala.
767; *White v. Governor*, 18 Ala. 767. The right of set-off
must therefore be limited to the statute.—*White v. Governor*,
*supra.*
2. Section 2643 of Revised Code declares that if the set-
off is found by the jury in excess of the amount of plain-

tiff's demand, judgment shall not only be rendered for costs, but for the excess so found. This clearly applies only where there is *a single* defendant, or where the joint defendants sued have a *joint demand pleaded as a set-off,* and the jury have found the plea to be true, and have found an excess due to *all* the defendants.

3. Where a suit is brought against several defendants, a debt due by plaintiff to *one* of them, cannot be set-off unless the statute authorizes it.—See Waterman on Set-off, p. 280, § 228; *ib.* p. 282, § 230; *Henderson v. Lewis,* 9 S. & R. 379; *Ross v. Knight,* 4 N. H. 236; *Pitkin v. Pitkin,* 8 Conn. 325; *Walker v. Leighton,* 11 Mass. 140; *Wood et al. v. Harris, Assignee,* 5 Blackf. 585; *Christian v. Miller,* 3 Leigh (Va.) 82; *Warsen v. Wells,* 1 Metcalf, 80.

JAMES L. PUGH, *contra.*—1. In *Duramus v. Harrison & Whitman,* 26 Alabama, at page 329, this court says: "A set-off in *this State* has never been supposed to be, in all respects, *like a suit,* although it is in the *nature* of a cross-action."

2. In *Jones & Co. v. Jones,* 12 Ala. 244, this court leaves it a doubtful question, "whether, when one of several defendants sets-off a demand due to him alone, he can have judgment against the plaintiff for any balance in his favor."

3. In December 9, 1861, the legislature settled this question, and the act is found in sections 2642 and 2645 of the Revised Code, which gives such right to any co-maker, whether *principal or surety,* when sued *jointly* or *alone.* Upon what principle of logic or law, reason or justice, is it that a plaintiff, who joins the principal debtor with his sureties in an action, can deprive the principal debtor of the right of protecting his sureties by pleading and proving that the plaintiff owes him more than the debt sued for, and to get a judgment for the balance? Section 2642 of the Revised Code clearly means by "mutual debt, &c., subsisting between the parties," any debts subsisting between the plaintiff or plaintiffs and *one* or *more* defendants. This section confers the right when defendants are sued *jointly,* and section 2645 confers the right when defendant *alone* is sued.

STONE, J.—The present suit was tried on the pleas of *non assumpsit* and set-off. The complaint sets forth, as cause of action, two notes payable to plaintiff as administrator of another. The suit is by plaintiff in his representative capacity. The plea of set-off is pleaded by its name alone, and does not show in what form or right the cross-demand

exists. Nor does it show in whose favor it is asserted; whether by all, or only one, or a part of the defendants. There was no demurrer to the plea, and no exceptions reserved on the trial.

1. If, as the verdict tends to show, the set-off was due to only one of the defendants, this would constitute a good defense to plaintiff's action, but would not authorize a recovery for the excess, for the reason that such recovery would require a change, to that extent, of the parties to the judgment. In fact, it would, in effect, require two judgments; one in favor· of one defendant for the certified balance, and the other in favor of all the defendants for the costs of the suit. This· can not be done in legal proceedings. But it furnishes no reason why such demand should not be a complete answer· to the plaintiff's right of recovery.—*Carson v. Barnes*, 1 Ala. 93; *Jones v. Jones*, 12 Ala. 244; *Huddleston v. Askee*, at present term; *Mitchell v. Burt*, 9 Ala. 226; *Pritcher v. Pat-rick, Minor*, 321.

2. Whether, if the set-off claimed in this case was a debt due from plaintiff's intestate to defendant, or whether if it was a debt due from the administrator individually, it could be pleaded as a set-off in this action, are questions which the· present record no where raises. We are not informed what was the evidence, or what the rulings in the court below. See *Harkin v. Levi*, 6 Ala. 399; *Rapier v. Holland, Minor*, 176; *Gayle v. Randle*, 1 Stew. 529; *Crabtree v. Cliatt*, 22 Ala. 181;. *White v. Ward*, 22 Ala. 442. But these questions not being· presented in the primary court, can not be considered here. 1 Brick. Dig. 776, § 31.

3. Even if the issue formed in this cause was immaterial,, if there was a trial, and verdict and judgment rendered upon it without objection to it properly reserved, this court, by any rules known to us, is powerless to grant relief.—*Mudge v. Treat*, page 1, present volume.

The judgment rendered in the court below, against the· plaintiff, for the certified balance due from him, is an error, which works a reversal of the judgment to that extent. It·· extends no further. The judgment should have done no more than to discharge the defendants with their costs. A judgment is here rendered, reversing and vacating that part of the judgment, and permitting the residue to stand on a general verdict and judgment for defendants. Let appellees pay the costs of this appeal.—See *Jackson v. Shipman*, 28· Ala. 488.