# President, &c., Bank of Mobile *v.* Poelnitz.

61  147
130  548

*Bill in Equity to enjoin Action at Law on Note, and obtain Benefit of Set-off.*

1. *Commercial paper; what defenses may be made to.*—The indorsee of commercial paper acquiring it after maturity, or before maturity merely as collateral security for a pre-existing debt, takes it subject to all the defenses which the maker could prefer against the payee, if he had remained the holder; and this right exists as to matters of set-off and discount, as well as to defenses affecting the instrument itself.

2. *Set-off; what does not destroy right of.*—One of several joint debtors is entitled to set-off a debt due to him alone from the common creditor, when sued upon the joint debt.

3. *Same; when resort can not be had to equity, to enforce.*—A surety on a promissory note on which the payee or endorsee brings an action at law, can not go into equity to enjoin the action and to obtain the benefit of a set-off, when such set-off was due at the commencement of the action, and is of such a nature as to be made available at law, without embarrassment or difficulty; and the fact that the payee is insolvent is immaterial, and furnishes no ground for resort to equity.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

The appellee, Charles A. Poelnitz, in November, 1875, filed his bill against the appellant, the President, Directors and Company of the Bank of Mobile, to enjoin prosecution of a pending action at law, brought by it on a promissory note made by the appellee, and others, and payable to Walsh,

Smith, Crawford & Co., which note had come into the possession of the Bank, as hereinafter stated. In 1873, one Bruno B. Poelnitz, being indebted to Walsh, Smith, Crawford & Co. for advances to the amount of 966 73-100 dollars, executed his promissory note to them for that sum, with the appellee and one J. E. Poelnitz as sureties, payable at the Bank of Mobile on the first day of January, 1874. That firm was at the time, and still is indebted to appellee, in a much larger sum than the amount of the note, which indebtedness was past due when the suit at law was brought. Walsh, Smith, Crawford & Co. being indebted to the Mobile Mutual Insurance Company, by their promissory note for $10,977.60, turned over as collateral, to the Insurance Company, certain notes and bonds, among which was the note on which appellee was surety, which was not then due, and after its maturity, on or about the 28th of February, 1874, the debt for which the note was held as collateral, was settled, by the purchase by the Insurance Company of certain shares of its own stock, owned by Walsh, Smith, Crawford & Co. Some of the stock had been pledged to the Bank, which in accordance with negotiations with one of the firm of Walsh, Smith, Crawford & Co., turned the stock over to the Insurance Company, and that company in obedience to instructions of Walsh, Smith, Crawford & Co. turned the note of appellee over to the Bank, which gave that firm credit for it, under the date of December 27th, 1873. The firm of Walsh, Smith, Crawford & Co. became insolvent in the fall of 1873, and they were adjudged bankrupts in 1874.

The bill sought to obtain an injunction, and set-off against the note. It was demurred to, among other grounds, because the complainant had a plain and adequate remedy at law.

The demurrer was overruled, and a decree rendered granting the relief prayed, and the Bank brings the case here by appeal.

WILLIAM G. JONES, for appellant.—If appellee is entitled at all to the set-off claimed, it was manifestly a legal right, which he could have asserted in the suit at law, against him by the Bank. His remedy and defense, were perfect at law, and there was no ground or necessity for his going into a court of equity. The demurrer to the bill on this ground, should have been sustained.—*Tate v. Evans*, 54 Ala. 16. The note was negotiable, and was transferred to the Insurance Company for value, before maturity, and by them trans-

ferred to the Bank. It was never the property of Walsh, Smith, Crawford & Co. after its transfer by them to the Insurance Company, and the appellee can not set-off any indebtedness of theirs to him, as against the Bank.—1 Brick. Dig. 276 § 345; 8 Ala. 889; 11 Ala. 370.

ANDERSON & BOND, with whom was W. A. GUNTER, *contra*.—The right to set-off one demand against another did not exist at common law, unless the set-off originated in the same transaction; and a resort to equity was necessary in every case of distinct demands, to restain proceeding at law.—Waterman on Set-off, 11 and 12. The fact the powers of the law courts have been extended by statute to embrace relief attainable before only in equity, does not impair the right to proceed in equity.—28 Ala. 629. The Insurance Company was not such a holder of the note as would defeat the right to set-off; having received the note as collateral for an antecedent debt, it was not a *bona fide* holder.—*Fenouille v. Hamilton*, 35 Ala. 319. But the debt to the Insurance Company was paid in full, and even if the Insurance Company had transferred the note, the appellee was entitled to set-off; for when a negotiable security is endorsed to a bank by the payee, as collateral security for one of several demands, the bank has no lien as a security for any other demand against the endorser. — *Bank v. Leland*, 5 Metc. (Mass.) 259; U. S. Digest, first series, vol. xi. p. 110, § 127.

But the Bank acquired the note from Walsh, Smith, Crawford & Co., and not from the Insurance Compay, and the Bank acquired it after maturity, and it is subject to any defense in their hands, which the appellee had as against the payees.

BRICKELL, C. J.—The statute renders mutual debts, liquidated or unliquidated demands not sounding in damages merely, subsisting between the parties at the time of suit brought the subject matter of set-off. — Code of 1876, § 2991. All contracts in writing for the payment of money or other thing, or for the performance of any act or duty, are assignable by indorsement. Except as to commercial paper, the assignment is subject to all payments, sets-off and discounts, had or possessed against the same previous to notice of the assignment or transfer.—Code of 1876, §§ 2099, 2100. The exception in favor of commercial paper relieves it from liability to set-off, only when it has been negotiated in good faith before maturity.—Code of 1876, § 2995. The indorsee

of commercial paper acquiring it after maturity, or before maturity, merely as collateral security for a pre-existing debt, takes it subject to all defenses which the maker could prefer against the payee, if he had remained the holder.—*Glasscock v. Smith*, 25 Ala. 474; *Fenouille v. Hamilton*, 35 Ala. 319; *McKenzie v. Br. Bank Montgomery*, 28 Ala. 606; *Cullom v. Br. Bank Mobile*, 4 Ala. 2. The rule has been sometimes limited to defenses affecting the instrument itself, as a want, or illegality, or failure of consideration. But in *Carroll v. Malone*, 28 Ala. 521, it was after very careful consideration of our statutes, from which the provisions of the Code do not materially vary, held, that the indorsee was subject to set-off, and discounts, as well as to defenses, affecting the instrument itself.

Applying these principles to the present case, the right of the appellee to the set-off claimed, seems clear. We concur with the chancellor in the opinion that the evidence discloses that the appellant acquired the note made by the appellee on which the appellant has commenced suit at law, by negotiation with and transfer from Crawford, Walsh, Smith & Co., and not by transfer from the Insurance Company. The tranfer was on the 28th day of February, 1874, after the maturity of the note, and was subordinate to the appellee's right of set-off. This right is not affected by the fact that the debt owing him by Crawford, Walsh, Smith & Co., was due him individually, and the debt due them was the joint debt of the appellee and others. The uniform construction, the statute of set-off has received, is, that one of several joint debtors, is entitled to set-off a debt due to him alone from the common creditor.—*Pitcher v. Patrick*, Minor, 321; *Carson v. Barnes*, 1 Ala. 93; *Jones v. Jones*, 12 Ala. 244; *Sledge v. Swift*, 53 Ala. 110.

The suit at law against the appellee was commenced after the maturity of the debt which he prefers as a set-off. We can not therefore perceive the necessity for a resort to a court of equity, to obtain relief which the statutes expressly secure to the appellee, if at law, the set-off is pleaded. True the bill avers, and the averment is proved, that Crawford, Walsh, Smith & Co., are insolvent, and their insolvency would furnish just ground for equitable intervention, if there was difficulty or embarrassment in making the set-off available at law; or if the law did not provide for it as a set-off. *T. C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206; *Donelson v. Posey*, 13 Ala. 752; *White v. Wiggins*, 32 Ala. 424. But the set-off being due at the commencement of the suit, and

[Wilson v. The State.]

the statute declaring it as available against the assignee, or indorsee, as it would have been against the assignors, or indorsers, there is no ground of equity jurisdiction. The result is, the decree must be reversed, and a decree here rendered dissolving the injunction and dismissing the bill at the costs of the appellee.