# Riddle *v.* McLester-Van Hoose Co.

*Assumpsit.*

[DECIDED DEC. 21, 1905, 40 So. REP. 101.]

1. *Partnership; Application of Firm Money; Individual Debt.*— Where a partnership owes debts, and an individual member of the firm also owes debts to the same party, and, by agreement with the individual debtor, money and other property of the firm is applied to the extinguishment of the individual debtor's debt, such application of the partnership property is wrongful only as against the other members of the firm, and until the other party disaffirms the application of the partnership property to the individual debtor's debt, and directs

its application to the partnership debt, it is a payment of the individual debtor's debt, and not upon the partnership debt.

2. *Set off and Counter Claim; Excess of Set off.*—A defendant, a member of a partnership, cannot have judgment for any excess, under a plea of set off, where the subject of set off was partnership funds.

3. *Judgment; Res Adjudicata; Set off.*—Having interposed a plea of set off to an action against him, as a defendant, and having defeated plaintiff's recovery against him, one cannot sue in an action to recover from former plaintiff the residue of his demand. This former plea was a remittitur or release of the residue of the demand.

APPEAL from Birmingham City Court.

Heard before Hon. CHAS. A. SENN.

This is an action for money had and received, and on the common counts begun by Riddle against the McLester-VanHoose Co. The facts are that Smitherman & Co., of which firm D. H. Riddle was a member, bought goods of the defendant in the sum of $634.00. Previous to the formation of this partnership Smitherman was indebted to the defendants in the sum of $640.00, and after the purchase by the firm of goods from the defendant, the defendants procured Smitherman to give them notes for both indebtednesses. In executing these notes the firm name and the individual name of Smitherman was signed, and the notes aggregated the amount due defendants from Smitherman, individually, and from the firm of Smitherman & Co. It appears that Riddle did not know of the execution of these notes, except for the partnership debt, and as soon as he was informed of the fact he repudiated the same. The firm of Smitherman & Co. paid the defendant the sum of $1,018.00 out of the partnership property, but declined or did not pay the balance. Whereupon McLester-VanHoose Co. sued the firm and the individuals of the firm for the balance due, claiming to have credited the payments first to the individual debt of Smitherman to its extinguishment, and the balance to the firm debt. Riddle,, who at the time of the suit, owned all the partnership property of Smitherman & Co., interposed a plea of set-off to the suits on the notes, and had judgment on the plea.

[Riddle v. McLester-Van Hoose Co.]

He then began this suit for the difference paid by Smitherman & Co. to the defendants and the debt due by the firm to the defendants. The defendant, by its fourth plea, set up the judgment on the former suits as *res adjudicata* of the whole matter. Riddle filed replication thereto and demurrers were sustained thereto. There was judgment for the plaintiff and on application the defendants were granted a new trial, and from this order this appeal is prosecuted.

STALLINGS & NESMITH and D. H. RIDDLE, for appellant.—The court erred in overruling plaintiff's demurrer to defendant's plea 4, and in sustaining demurrers to plaintiff's replications to said pleas. 1st, because Smitherman could not bind the partnership by signing the same to notes for his individual debt.—*Guscot v. Roden,* 112 Ala. 633. Nor could he bind the firm by agreeing to sell partnership property to pay his individual debt.—*Boykin v. Perkins,* 95 Ala. 626. Such sale would be void.—*Cannon v .Lindsay,* 85 Ala. 198. The evidence without conflict shows that the partner did not have authority to bind the firm.—*Woodruff v. Schaife,* 83 Ala. 154; *Pearce v. Pass & Co.,* 1 Port. 232. The assent of all the partners is necessary to bind the partnership by contract not within the scope of the partnership business.—*Kling v. Tunstall,* 109 Ala. 608. He cannot give security in his individual debts of the partnership name.—*Mauldin v. Br. Bank,* 2 Ala. 502.

Before the judgment in the other suit can be *res adjudicata* in this it must appear that the parties were the same, the subject matter the same, and the same point must be in question, and the judgment must be rendered on that point.—*Strauss v. Mertief,* 64 Ala. 311; *Gilbraith v. Jones,* 66 Ala. 132. Unless there was a subsisting cause of action against Smitherman & Co. at the time of the suits in the Justice Court, then the plea of set off would be unavailing.—*St. Louis Packet Co. v. McPeters,* 124 Ala. 451.

CABINESS & WEAKLEY, for appellee.—A judgment of a court of competent jurisdiction, delivered upon the mer-

its of the case, is final and conclusive between the parties in a subsequent action, not only as to all the matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein.—24 Am. & Eng. Ency. Law, 781-2; *Tankersly v. Pettis,* 71 Ala. 179; *Brown v. Tillman,* 121 Ala. 626; 3 May. Dig., p. 115, § 519; *Haas v. Taylor,* 80 Ala. 329.

It is never necessary to determine whether the first issue was rightfuly determined and tried; the true inquiry is, whether it was within the scope of the pleadings, whether it was identical with the one on trial, and whether it was determined on its merits.—*Brown v. Tillman, supra;* 4 May. Dig. p. 730, § 46.

If a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become *res adjudicata.* It is settled as conclusively by the judgment when it does not appear to have been allowed as though there was an express finding against it.—Freeman on Judg. (3d Ed.) § 279; *Wright v. Salisbury,* 46 Mo. 26; *Baker v. Stinchfield,* 57 Me. 363; *S. & N. Ala. R. R. Co. v. Henlein,* 56 Ala. 368; 25 Am. & Eng. Ency. Law, 514; *Wilder v. Case,* (N. Y.) 16 Wend. 583; *Hudson v. Kline,* (Va.) 9 Gratt. 379.

An entire contract, not payable in installments, cannot be split up and made the foundation of two or more suits. If an action is brought on a part of it only, whether the plaintiff fails or succeeds, he cannot afterwards maintain another action on it; and the same rule applies to a claim for damages, whether made the foundation of an action, or set up in defense of an action.— *S. & N. R. R. Co. v. Henlein, supra; Jasper Mer. Co. v. O'Rear,* 112 Ala. 247; *K. C., M. & B. R. R. Co. v. Robertson,* 109 Ala. 296.

TYSON, J.—This appeal is prosecuted from an order granting the defendant's motion for a new trial. The plaintiff's cause of action is based upon his right to recover the proceeds of certain checks and a lot of shingles, which were misappropriated by defendant after deduct-

ing certain indebtedness admitted to have been due by him to it. The main defense relied on is *res adjudicata*. The pivotal point is whether the plea invoking this defense was proven. If it was, confessedly the order appealed from should not be disturbed.

It appears from the evidence that the plaintiff was a member of the firm of Smitherman & Co., and that his firm was justly indebted to the defendant in a sum of money evidenced by four promissory notes. Suit was brought on each of these notes before a justice of the peace, and judgment was rendered in favor of the plaintiff, the defendant in this action. An appeal was prosecuted to the circuit court in each of the cases by Riddle and Smitherman & Co., and by agreement the four cases were consolidated and tried by the presiding judge without a jury. A written memorandum of the testimony introduced upon that trial was made by the judge and filed in the cause. The pleas of the defendants, of which the plaintiff in this action was one, were the general issue, *non est factum*, payment, and set-off. The evidence is undisputed that the claim here asserted and sought to be recovered on was asserted and proven as a defense to that action, which resulted in a judgment for the defendants. This claim, it appears, arose in this manner: Smitherman had, prior to his partnership with Riddle, become indebted to the defendant, for which he gave, after the formation of the partnership, promissory notes executed in the firm name. These notes were paid and discharged by checks drawn on the funds of the partnership and the proceeds of shingles belonging to the partnership, under agreement had with Smitherman that they should be so applied by defendant. All this was done without the consent of Riddle. On the trial in the circuit court Riddle repudiated Smitherman's right to divert the firm assets to the payment of his individual debts, and succeeded in setting off the proceeds of the checks and shingles to the extent of the debt claimed against him, which he admitted were justly owing by him and Smitherman & Co. Indeed, under the unidsputed facts established on that trial, the judgment rendered in favor of defendant, Riddle, is necessarily referable to

his plea of set-off, and to no other that was pleaded by him. The execution of the notes was not denied, nor was Smitherman's authority to execute them in the firm name questioned. The debt evidenced by them was admitted to be the debt of the firm. The proceeds of the checks and of the shingles were not payments upon the notes in any proper sense of the term. Their application to Smitherman's individual indebtedness was wrongful only against Riddle, his partner, and not subject to be set aside, except at his instance and election. Until he disaffirmed Smitherman's agreement with the defendant to apply the proceeds to his debt and directed their application to the partnership debt, they did not, in any sense, constitute payments on such debt.—4 Mayfield's Dig. p. 425; 22 Am. & Eng. Ency. Law (2d Ed.) uu. 575, 576 and notes.

That Riddle had the right to set off these claims to the extent of the debt sought to be recovered of him cannot be doubted. He was not entitled, it is true, to a judgment over in his favor for the excess.—*Locke v. Locke,* 57 Ala. 473, and cases there cite. He was, of course, not bound to plead set-off as a defense. It was entirely optional with him; but having done so, and offered evidence to support his defense, and having defeated the plaintiff's recovery against him, he must be held to a release or remittur of the residue of his demand. This precise point was decided in *S. & N. R. R. Co. v. Henlein,* 56 Ala. 368, in a well-considered opinion, and whatever view we might have entertained if the question was *res integra* in this state is foreclosed by that case, which has been the law unchallenged for many years.

Affirmed.

HARALSON, ANDERSON, and SIMPSON, JJ., concur.