[Copeland v. Union Nursery Co.]

# Copeland *v.* Union Nursery Co.

## *Assumpsit.*

(Decided June 18, 1914.   65 South. 834.)

1. *Appeal and Error; Review; Record.*—The court cannot review an assignment of error as to the overruling of a demurrer to a named count of the complaint where the record does not disclose any action by the court on the demurrer to that count, otherwise than as a recital in the minute entry of the opinion of the court, that not constituting a judgment by the court in the premises.

2. *Same; Harmless Error; Pleading.*—The defendant was not prejudiced by the sustaining of a demurrer to a special plea alleging that the trees were to be delivered on a certain date, but that defendant failed to deliver until a long time after such date, where the contract itself was admitted in evidence under the general issue which was pleaded; the action being for the price of the trees delivered under a written contract, which trees defendant refused to receive.

3. *Sales; Delivery; Reasonable Time; "Forward."*—Where the contract provided that plaintiff was to forward, meaning to ship or send the trees to defendant, on November 20, 1911, or within 20 days thereafter, but there was no stipulation or limitation as to the time for delivery, the delivery was required to be made within a reasonable time after the 20 days had elapsed.

4. *Same; Contract; Breach; Time.*—Under the contract in this case the stipulation as to the time for delivery was a material condition, and plaintiff was required to show compliance therewith in order to recover the price, without reference to whether the delay resulted in injury to defendant or not.

5. *Pleading; Demurrer; Grounds.*—An order sustaining a demurrer to a plea cannot be justified because of a defect in a plea which was not pointed out by the demurrer.

6. *Same; Set-Off.*—A plea of set-off is not defective because it fails to assert a right to a sum sufficient to cancel, rather than toll, the recovery sought by plaintiff, by way of cross demand.

7. *Set-Off and Counter-Claim; Demands Subject; Conversion.*—The measure of damages for the conversion of personal property is ordinarily the value of the property at the time of the conversion, or any time between that time and the trial, and under the provision of section 5858-9, Code 1907, a claim for the conversion of certain property is available as a set-off in an action for the purchase price of other property.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

[Copeland v. Union Nursery Co.]

Action by the Union Nursery Company against Peter Copeland.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

The judgment entry was silent as to any ruling as to count 5.

Plea 3 is as follows:

Defendant says that this suit is based upon an order executed by defendant to plaintiff for 500 peach trees, which, by the terms of said order, were to be delivered to defendant by November 20, 1911, or within 20 days thereafter; and defendant alleges that said trees were not so delivered until about January 10, 1912, and that he refused to receive said trees, and has never accepted the same.

Plea 8:

For further answer defendant says that plaintiff is indebted to him in the sum of $75, due from it to defendant on account of a conversion by it, on January 10, 1912, of 500 peach trees, with interest from said date, which defendant offers to set off against plaintiff's claim.


L. D. GRAY, for appellant.   Counsel cites authority on the proposition that the court erred in overruling demurrers to the fifth count.   The court erred in sustaining demurrers to plea 3.—*Sorrell v. Craig,* 8 Ala. 567; *Tenn. Co. v. Railroad Co.,* 73 Ala. 426; *Thornton v. Railroad Co.,* 84 Ala. 109; *Borst v. Simpson,* 90 Ala. 373; *Cross v. Scruggs,* 115 Ala. 259; *McFadden v. Henderson,* 128 Ala. 229.   The court erred in sustaining demurrers to plea 8.—*Troy v. Bank,* 99 Ala. 566.   The court erred in admitting the written order.—*Greil v. Solomon,* 82 Ala. 85; *Griffin v. Foundry Co.,* 135 Ala. 190.

WITHERS G. PEEBLES and BANKHEAD & BANKHEAD, for appellee. Where a seller shows a delivery at the place agreed he need not show an acceptance in order to recover the price.—*Cathcart, et al. v. Morgan,* 144 Ala. 559; *A. B. & A. Ry. Co. v. Maddox,* 155 Ala. 298. There was no error in overruling demurrers to plea 3.—*Wes. Ry. v. Hart,* 160 Ala. 559. The matters contained therein were provable under the general issue.—*Wes. Ry. v. Russell,* 141 Ala. 142. The contract required delivery within a reasonable time after the expiration of the twenty days.—*Phelan v. Tomlin,* 51 South. 382. The matter contained in plea 8 was not pleadable as set off or counter claim in this action.— § 5859, Code 1907; *Lawton v. Ricketts,* 104 Ala. 431; *S. L. & P. R. R. Co. v. McPeters,* 27 South. 518.

McCLELLAN, J.—The action was instituted by appellee against appellant. There was judgment for the plaintiff. The only errors assigned and insisted upon in brief for appellant are these: (a) The overruling of demurrer to the fifth count of the complaint; (b) sustaining demurrer to plea 3; (c) sustaining demurrer to plea 8; (d) and the allowance in evidence, over defendant's objection, of the written order for goods out of which, it appears, the plaintiff's asserted rights arose.

The first assignment cannot be considered, because the record does not disclose *action by the court* on demurrer to the fifth count. The court appears to have alone ruled, in respect of the complaint, upon the demurrer to count 4. The recital in a minute entry of the court's *opinion* does not constitute a judgment by the court in the premises.—*Jasper Merc. Co. v. O'Rear,* 112 Ala. 247, 20 South. 583; *Bell v. Otts,* 101 Ala. 186, 13 South 43, 46 Am. St. Rep. 117, among others.

The complaint contained five counts. The first three

counts were the common counts: Account; account stated; and goods sold. The fourth count was stricken in response to demurrer. The fifth count was for breach of a written contract, set out, in material parts, in the count.

Plea 3, which the report of the appeal will set forth, was not subject to any of the grounds of demurrer interposed thereto. All of the eleven grounds, except the third, sixth, and seventh, relate to the *second* plea—not to the *third* plea. The criticism these grounds make of the plea (3) is that it is not shown that defendant suffered any damage by reason of the failure of, or delay in, delivery of the goods within the time specified in the order, or that the goods were not delivered.

The writing set forth in the fifth count shows an obligation assumed by the plaintiff to "forward"—meaning to send or ship—the trees to defendant on "November 20, 1911, or within 20 days thereafter," at Cordova, Ala. There is no limitation or stipulation as to *time for delivery,* though, of course, as to that, the contract being silent, the law would and did require *delivery* within a reason time after the 20 days mentioned had expired.—*McFadden v. Henderson,* 128 Ala. 221, 29 South. 640. If the contract involved was, in fact, that averred in the plea (3), certainly the stipulation as to time set forth in the plea was a material condition in the contract, and the plaintiff could not recover, unless he had complied with the stipulation *as to time of delivery* averred in the plea (3). Whether defendant suffered damage in consequence of failure of, or delay in, delivery of the goods was, manifestly a matter entirely aside from the purpose and effect of the plea's allegation, viz.: The failure of the plaintiff (seller) to make delivery of the goods within the time specified, as the plea averred. A plaintiff seller cannot maintain his

action against the buyer if he (seller) was himself in default in the performance of his contract, unless his default was waived by the buyer. Of course if, as the plea (3) asserts, the stipulation with reference to time of *delivery* was not complied with by plaintiff, a bar to recovery was, unless waived by defendant, established, and the plea would have gained no force by the interpolation of an averment negativing delivery. The demurrer to plea 3 might well have been overruled. But since the general issue was pleaded, and the writing itself was properly admitted in evidence the erroneous ruling on the demurrer was harmless. The substance of the plea (3) was admissible under the general issue to defeat a recovery under any of the counts submitted to the jury.

Plea 8, which will be set out in the report of the appeal, was not subject to any of the grounds of demurrer interposed. It possessed the defect to be stated; but no ground of the demurrer pointed thereto. It omitted to aver that the property alleged to have been converted was the property *of the defendant* at the time the conversion was effected. The ruling of the court sustaining a demurrer cannot be justified on account of a defect not designated by the demurrer. A plea of *set-off* is not defective because it fails to assert, by way of cross-demand, a right to a sum sufficient to cancel, rather than toll, the recovery sought by the plaintiff.—*Tutwiler v. McCarty,* 121 Ala. 356, 25 South. 828.

Under the statute (Code, § 5858) mutual debts or demands, liquidated or unliquidated, not sounding in damages merely, "subsisting between the parties at the commencement of the suit," "whether arising ex contractu or ex delicto," may be the subject of the pleaded right of *set-off*. And Code, § 5859, thus defines the character of demand that does not sound in damages merely:

[Gewin, et al. v. Shields.]

"* * * One which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard."

In trover the law affords a pecuniary standard whereby the damage is to be ascertained and measured. Ordinarily it is the value of the property at the time of the conversion or at any time between that time and the trial.—4 Mayf. Dig. p. 998. Otherwise than as has been stated, the plea (8) was without fault.—Civil Code, pp. 1199, 1202, forms 24 and 27.

For the error committed in sustaining the demurrer to plea 8, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.