(95 South. 901)

**CRAFT v. CRAFT et al. (8 Div. 552.)**

(Supreme Court of Alabama. April 12, 1923.)

1. **Set-off and counterclaim ⬗35(1)—By statute measurable pecuniary demand, not sounding in damages merely, may be set off in action ex contractu or ex delicto.**

Under Code 1907, § 5858, any demand capable of measurement in a legal sense by a pecuniary standard, not sounding in damages merely, may be the subject of set-off, and damages for trespass on land are measurable and may be set off.

2. **Trespass ⬗50—Measure of damages for trespass on land stated.**

The measure of damages for trespass to real estate is the difference in value of the land immediately before and after the trespass.

3. **Trover and conversion ⬗60—Exemplary damages recoverable.**

Exemplary damages may be recovered in an action of trover.

4. **Set-off and counterclaim ⬗44(1)—Debtors jointly and severally liable may set off demand due by plaintiff to one defendant alone, whether action be ex delicto or ex contractu.**

Where defendants are both jointly and severally liable to satisfy plaintiff's demand, a like claim for damages by one defendant against plaintiff may be properly pleaded as a set-off; the mere form of action, whether ex contractu or ex delicto, being immaterial, in view of Code 1907, § 5858.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Action in trespass by R. H. Craft against George R. Craft and William W. Craft.

From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Spragins & Speake, of Huntsville, for appellant.

The general rule is that set-off is not available as a defense in actions of tort. 34 Cyc. 658; Marlowe v. Rogers, 102 Ala. 510, 14 South. 790; Rosser v. Bunn, 66 Ala. 89. Set-off on account of trespass by plaintiff to George Craft's land was not available to William Craft. 34 Cyc. 666.

Betts & Richardson, of Huntsville, for appellees.

A claim due one of two joint defendants by a sole plaintiff is available as a defense, by way of set-off, to both defendants. Carson & Moore v. Burns, 1 Ala. 93; Sledge v. Swift, 53 Ala. 110; Huddleston v. Askey, 56 Ala. 218; Locke v. Locke, 57 Ala. 473; President, etc., of Bank of Mobile v. Poelnitz, 61 Ala. 147.

GARDNER, J. This cause was tried upon issue joined upon count 4 and pleas of set-off, resulting in a judgment for the defendants, from which the plaintiff has prosecuted this appeal.

Count 4 stated a cause of action in trespass for entry on the land' of plaintiff and cutting therefrom certain cedar timber. Defendants pleaded by way of set-off that the plaintiff had cut certain timber on the land of the defendant George Craft. By demurrer to these pleas of set-off, objections to evidence, and refusal of certain written charges, the question was raised as to whether or not this constituted a good defense as to the other defendant, William Craft. There was evidence tending to sustain plaintiff's claim, and also proof tending to establish the plea of set-off. The evidence was without conflict, however, that William Craft was not interested in the land from which defendants claimed the plaintiff cut timber; said land belonging to the defendant George Craft alone. The question above stated is the only matter presented here for review.

[1] It is now well settled that under section 5858 of the Code of 1907 any demand capable of measurement in a legal sense by a pecuniary standard, not sounding in damages merely, may be the subject of set-off, whether the action be ex contractu or ex delicto. Copeland v. Union Nursery Co., 187 Ala. 148, 65 South. 834; Morris v. Bank of Attalla, 153 Ala. 352, 45 South. 219; Johnson v. Aldridge, 95 Ala. 77, 9 South. 513; Middleton v. Foshee, 192 Ala. 265, 68 South. 890.

[2] In Morris v. Bank of Attalla, supra, the suit was in trover and in case, and it was

━━━━━

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

held that a plea setting up an action of trover for the conversion of other chattels by the plaintiff was a proper plea of set-off. Damages in case of trespass to real estate are also capable of measurement by a pecuniary standard, being the difference in value of the land immediately before and after the trespass; that, is the diminution in the value of the land caused by the trespass. Southern Ry. Co. v. Cleveland, 169 Ala. 22, 53 South. 767; Warrior Coal Co. v. Mabel Mining Co., 112 Ala. 624, 20 South. 918; Brinkmeyer v. Bethea, 139 Ala. 376, 35 South. 996.

It would appear, therefore, that such damages may be made the subject of set-off, just as in an action of trover for the conversion of personal property. Indeed, in the above-cited case of Johnson v. Aldridge, the court called attention to the expression in Collins v. Greene, 67 Ala. 215, as to trespass in this connection, and pointed out that the word as there used was intended to apply only to assault and battery, meaning trespass on the person.

[3] We construe the language of Rosser v. Bunn, 66 Ala. 89, as indicating that damages for the trespass to realty may not constitute the subject of set-off, when exemplary damages therefor are claimed and proven. Indeed, exemplary damages may be recovered even in an action of trover, as held in Howton v. Mathias, 197 Ala. 457, 73 South. 92. No such situation, however, is here presented. There is nothing in the complaint or the pleas of set-off, or any of the proof, tending to the recovery of any exemplary damages, but only that of actual damages, a case of simple trespass to which the general rule above stated applies. We think it clear, therefore, that had the suit been by the plaintiff against George Craft alone, the pleas of set-off would unquestionably have been good. The court below, as previously stated, held that this defense was available to both of the defendants, and evidently rested its conclusion upon the following, among others, of our authorities: Huddleston v. Askey, 56 Ala. 218; Locke v. Locke, 57 Ala. 473; Sledge v. Swift, Murphy & Co., 53 Ala. 110; Carson & Moore v. Barnes, 1 Ala. 93; Pitcher & Remsen v. Patrick, Minor, 321, 12 Am. Dec. 54.

The effect of the holding of those authorities is well expressed in the fourth headnote to Sledge v. Swift, Murphy & Co., supra, as follows:

"Defendants jointly and severally liable, to satisfy the plaintiff's demand, may set off a demand due by the plaintiff to one defendant alone."

In Locke v. Locke, supra, recognizing the correctness of the foregoing principle, it was held there could be no judgment for the excess in such case, and the opinion then proceeds:

"But it furnishes no reason why such demand should not be a complete answer to the plaintiff's right of recovery."

Doubtless section 5860 of the Code, dealing with judgments for the defendant for excess in such cases, was amended to meet the result of this holding; but that is a matter not here presented for consideration.

[4] Counsel for appellant argue that these authorities all dealt with actions ex contractu, which is correct; but in principle, now that an action ex delicto may be set off by a like action not sounding in damages merely, we are unable to see why the rule announced as to actions ex contractu in the foregoing authorities is not equally applicable to such cases. Here the defendants are both jointly and severally liable to satisfy the plaintiff's demand, and by a parity of reasoning we are of the opinion that a like claim for damages by one defendant against the plaintiff may be properly pleaded as a set-off. The mere form of action, under the statute as it now exists, should not operate to make a distinction of so material a right; nor are we able to see any greater difficulty in the practical administration of such a rule applied to cases of this character than of those in actions ex contractu. We therefore conclude that the ruling of the trial court was correct, and the judgment is here accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.