(104 So. 798)

DEPOYSTER LUMBER CO. v. COMMERCIAL LUMBER CO. et al.   (8 Div. 786.)

(Supreme Court of Alabama.   June 11, 1925.)

Set-off and counterclaim ⬅️42, 59—Debt due one of several joint defendants may be set off without consent or joinder of codefendant.

Under Code 1923, §§ 10172, 10174, debt due one of several joint defendants may be set off against plaintiff's demand without consent or joinder of codefendant, and individual pleader may have judgment over for excess of his individual counterclaim.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action by the Depoyster Lumber Company against the Commercial Lumber Company, L. E. Demoville, and C. L. Moore. Plaintiff takes a nonsuit, and appeals from adverse rulings on pleading. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

The plaintiff sues the defendants for damages for breach of contract. Joint pleas of the general issue, payment, and set-off were interposed by the defendants.

Plea 6 is a plea by the defendant Demoville alone, offering in set-off a debt due from the plaintiff to him individually, and asking for a judgment over for the excess.

Plaintiff moved to strike plea 6 from the file, and, upon the overruling of its motion, took a nonsuit with bill of exceptions. The appeal is on the record only, and the only assignment of error is upon the ruling on the motion to strike.

Williams & Chenault, of Russellville, for appellant.

The plea of set-off should have been stricken. Code 1923, § 10172; Locke v. Locke, 57 Ala. 473; Bank v. Poelnitz, 61 Ala. 147; Riley v. Stallworth, 56 Ala. 481; Huddleston v. Askey, 56 Ala. 218; Farris & McCurdy v. Houston, 78 Ala. 250; St. Louis, etc., Co. v. McPeters, 124 Ala. 451, 27 So. 518; Drennen v. Gilmore, 132 Ala. 246, 31 So. 90, 90 Am. St. Rep. 902; Fowler v. Bellinger, 140 Ala. 240, 37 So. 225.

Henry D. Jones, of Russellville, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. Under our statute of set-off and recoupment (section 10172, Code 1923), it has always been held that a debt due to one of several defendants, sued jointly, may be set off against the plaintiff's demand. Huddleston v. Askey, 56 Ala. 218; Riley v. Stallworth, 56 Ala. 481; Bank v. Poelnitz, 61 Ala. 147; Craft v. Craft, 209 Ala. 226, 95 So. 901. That construction of the statute, which has been repeatedly re-enacted without change, must now be adhered to. Moreover, it has been expressly recognized by the provisions of section 5860, Code 1907 (section 10174, Code 1923).

In the instant case, however, the plea of set-off here in question was interposed separately and individually by the defendant to whom the debt was due from the plaintiff, and his codefendant was not joined in the plea. An examination of the reported cases dealing with set-offs of this character shows that the practice has been to plead the individual set-off jointly. But we see no reason why the right of any one defendant to offer such a set-off should be dependent upon the consent or joinder of his codefendant, and we therefore so hold. Whether, in such a case, the set-off will operate in favor of the nonjoining codefendant is a question not now presented.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As to the right of the individual pleader to have a judgment over for the excess of his individual counterclaim, the statute has made affirmative provision. Code 1907, § 5860 (Code 1923, § 10174).

It results that the judgment of the trial court overruling the plaintiff's motion to strike the defendant Demoville's plea 6 was without error, and must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.